IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
IN ADMIRALTY

Case No. _____

| | |
|---|---|
| VICTORIA MILLER, | ) |
| Plaintiff, | ) **JURY TRIAL DEMANDED** |
| vs. | ) |
| ROYAL CARIBBEAN CRUISES LTD., a Foreign Corporation, | ) |
| Defendant. | ) |

## COMPLAINT FOR DAMAGES

Plaintiff Victoria Miller files this Complaint for Damages against Defendant Royal Caribbean Cruises, Ltd. ("RCC"), alleging as follows:

### PRELIMINARY STATEMENT

This is a personal injury action arising from a slip and fall accident occurring on a RCC ship, the "Mariner of the Seas" (the "Cruise Ship"). On May 15, 2022, Ms. Miller boarded the Cruise Ship. Due to RCC and its employees, agents, and/or representative's negligent failure to clean, maintain, and/or inspect its facilities and/or its failure warn its passengers of dangerous and hazardous conditions, Ms. Miller slipped and fell on a puddle of unknown liquid near the bar area of the Cruise Ship. After seeking medical attention onboard the Cruise Ship, RCC's employees, agents, and/or representatives misdiagnosed Ms. Miller, leaving her in excruciating pain throughout the remainder of her eight (8) day voyage.

### PARTIES, JURISDICTION, AND VENUE

1. This is a personal injury action for damages in excess of $75,000, exclusive of

interest and costs.

2. Jurisdiction in this matter is proper pursuant to 28 U.S.C.A. § 1333 as the causes of action asserted are torts occurring on the seas.

3. Ms. Miller is a resident of St. Johns County, Florida and citizen of Florida.

4. RCC is a foreign corporation registered to do business in Florida with its principal place of business located in Miami-Dade, Florida. At all material times, RCC was authorized to do and was doing business in Florida. RCC can be served with process through its registered agent located at CT Corporation System, 1200 South Pine Island Road, Plantation, Florida 33324.

5. Suit is filed in federal court and in admiralty because of the federal forum selection clause in the Passenger Contract Ticket issued by RCC to Ms. Miller.

6. Venue in this Court is proper per the Terms of Agreement in Passenger Contract Ticket issued by RCC to Ms. Miller, including a forum selection clause.

7. All conditions precedent for filing and maintaining this action have been fulfilled, have been waived, or do not apply.

**FACTS**

8. RCC is an international, for profit, cruise ship line. At all material times, RCC owned and operated the Cruise Ship.

9. On or about May 15, 2022, Ms. Miller boarded the Cruise Ship in Cape Canaveral, Florida for an eight-day cruise.

10. Ms. Miller was an invitee and/or guest of RCC on the Cruise Ship and had a ticket issued in her name.

11. On May 17, 2022, while the Cruise Ship was at sea, Ms. Miller slipped and fell on

a puddle of unknown liquid near the Schooner's Bar, which is located, on information and belief, on the fourth floor of the Cruise Ship.

12. There were no signs warning and/or notifying Mr. Miller, or other passengers, of wet, slippery, or other dangerous/hazardous conditions on the floor and/or deck.

13. Immediately following the fall, Ms. Miller felt severe pain on her right side, including her right shoulder and right knee.

14. Ms. Miller immediately reported the incident to Cruise Ship personnel and sought medical attention from the Cruise Ship's medical center ("Medical Center").

15. At the Medical Center, RCC's employees, agents, and/or representatives misdiagnosed Ms. Miller with an "unspecified superficial injury of the right shoulder." The staff prescribed her with acetaminophen and ibuprofen and advised her that "no follow up [was] required."

16. The next day, on May 18, 2023, Ms. Miller returned to the Medical Center with complaints of severe pain. Medical Center staff confirmed their initial diagnosis and made no changes to Ms. Miller's treatment plan.

17. For the next five days, Ms. Miller was essentially confined to her berth in excruciating pain, which ruined her well-earned vacation. No one from RCC ever checked on her.

18. On May 23, 2022—after five (5) days of living with excruciating pain and untreated injuries—the Cruise Ship returned to port. Upon arrival, Ms. Miller immediately sought medical attention at a local emergency room and was diagnosed with a right proximal humerus fracture and a significant right knee contusion.

19. As a result of the negligence of RCC, Ms. Miller incurred significant medical

expenses, missed time from work, lost income, and experienced, and will continue to experience, significant pain and suffering.

20. In addition, RCC and/or, at the direction of RCC, its employees, representatives or agents destroyed, purposely or negligently failed to preserve, and spoliated critical evidence, i.e., the surveillance video recording, which would have demonstrated, among other things, the hazardous condition of the floor, the length of time the hazardous condition existed, whether RCC employees observed or noticed the puddle, and Ms. Miller's fall and injury.

## COUNT I: NEGLIGENCE

21. Plaintiff adopts and realleges paragraphs 1 through 20 as if fully set forth herein.

22. At all relevant times, Ms. Miller was an invitee and/or guest of RCC.

23. At all relevant times, RCC, as the owner and operator of the Cruise Ship, owed Ms. Miller a duty of reasonable and ordinary care.

24. RCC breached its duties to Ms. Miller by:

   (a) creating the hazard upon which Ms. Miller slipped and fell;

   (b) failing to warn Ms. Miller of the hazardous condition;

   (c) failing to place proper warning signs or other sufficient notice in the area of the hazardous condition;

   (d) failing to inspect the area as to discover the hazard;

   (e) failing to maintain the area in a safe condition, including failing to promptly clear the hazard;

   (f) failing to properly diagnose and treat Ms. Miller; and

   (f) negligently hiring, retaining, and/or supervising its employees.

25. At the time of the incident, RCC knew or should have known of the hazard.

26. As a direct and proximate cause of RCC's negligence, Ms. Miller was seriously injured and incurred significant medical expenses in the treatment of her injuries. Further, Ms. Miller suffered lost wages.

27. In addition, Ms. Miller has and will continue to experience pain and suffering.

28. Ms. Miller will also continue to incur medical expenses as she treats her injuries.

29. As a result of RCC's negligence, Ms. Miller is entitled to compensation for the full value of her injuries, past and future medical bills, past and future lost wages, and past and future pain and suffering, plus interest at a lawful rate, and all other damages available at law.

## COUNT II: VICARIOUS LIABILITY

30. Plaintiff adopts and realleges paragraphs 1 through 20 as if fully set forth herein.

31. At all relevant times, Ms. Miller was an invitee and/or guest of RCC.

32. At all relevant times, RCC's employees, representatives, and/or agents owed Ms. Miller a duty of reasonable and ordinary care.

33. RCC's employees, representatives, and/or agents breached their duties to Ms. Miller by:

    a. creating the hazard upon which Ms. Miller slipped and fell;

    b. failing to warn Ms. Miller of the hazardous condition;

    c. failing to place proper warning signs or other sufficient notice in the area of the hazardous condition;

    d. failing to inspect the area as to discover the hazard;

    e. failing to maintain the area in a safe condition, including failing to promptly clear the hazard; and

    f. failing to properly diagnose and treat Ms. Miller.

34. At the time of the incident, RCC's employees, representatives, and/or agents knew or should have known of the hazard.

35. At all relevant times, RCC's employees, representatives, and/or agents acted within the scope of their employment with RCC.

36. Accordingly, RCC is vicariously liable for the actions and/or omissions of its employees, representatives, and/or agents.

37. As a direct and proximate cause of their negligence, Ms. Miller was seriously injured and incurred significant medical expenses in the treatment of her injuries. Further, Ms. Miller suffered lost wages.

38. In addition, Ms. Miller has and will continue to experience pain and suffering.

39. Ms. Miller will also continue to incur medical expenses as she treats her injuries.

40. As a result of RCC's negligence and the negligence of its employees, representatives, and/or agents, Ms. Miller is entitled to compensation for the full value of her injuries, past and future medical bills, past and future lost wages, and past and future pain and suffering, plus interest at a lawful rate, and all other damages available at law.

## COUNT III: SPOLIATION OF EVIDENCE

41. Plaintiff adopts and realleges paragraphs 1 through 20 as if fully set forth herein.

42. This is a civil action for personal injury.

43. At all relevant times, RCC had a legal and/or contractual duty to preserve evidence which is relevant to this civil action.

44. At all relevant times, RCC was aware that it held, in its exclusive possession, a video surveillance recording which demonstrated, among other things, the hazardous condition of the floor, the length of time the hazardous condition existed, whether RCC employees

observed or noticed the puddle, and Ms. Miller's fall and injury.

45. At all relevant times, RCC was on notice of Ms. Miller's claims against it for personal injury. Indeed, Ms. Miller's immediately reported her injury and the accumulation of liquid causing her fall to RCC and its employees, representatives and/or agents. Ms. Miller even advised RCC and its employees, representatives and/or agents that her fall would not have occurred had RCC and its employees, agents, and/or representatives maintained the surface clean and dry.

46. The video surveillance recording described above was requested by or on behalf of Ms. Miller on multiple occasions.

47. RCC destroyed the video surveillance recording and/or purposely or negligently failed to preserve the video surveillance recording.

48. The destruction of or failure to preserve such evidence has a significant impact on Ms. Miller's ability to prove her claims, including but not limited to, the hazardous condition of the floor, the length of time the hazardous condition existed, whether RCC employees observed or noticed the puddle, and Ms. Miller's fall and injury.

49. Ms. Miller has suffered damages as a result of RCC's actions.

## DEMAND FOR JURY TRIAL

Ms. Miller demands a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Victoria Miller, prays that process shall issue in accordance with applicable law; that the Court will order a trial by jury; and that the jury will award all damages by law; and that the Court will order such other relief as is just and proper.

Dated: February 21, 2023.

Respectfully Submitted,

WEINBERG WHEELER HUDGINS
GUNN & DIAL, LLC


*/s/ Cecilia D. Orozco*
P. Shane O'Neill*
Georgia Bar No. 297849
Cecilia D. Orozco
Florida Bar No. 1018671
3350 Virginia Street, Suite 500
Miami, FL 33133
Phone: 305-455-9500
Fax: 305-455-9501
Email: corozco@wwhgd.com

*Attorneys for Plaintiff*

*\*Pro Hac Vice to be filed*